## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCENIC PRAIRIE PRESERVATION ASSOCIATION, an Oklahoma not-for-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-17-151-HE |
| NEXTERA ENERGY RESOURCES, LLC, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Scenic Prairie Preservation Association, a nonprofit corporation, filed this action against NextEra Energy Resources, LLC ("NextEra") seeking declaratory and injunctive relief.[1] Plaintiff claims defendant, which intends to build two wind energy projects in western Oklahoma, has failed to comply with the notice and public information requirements of the Oklahoma Wind Energy Development Act ("Act"), 17 Okla. Stat. §§160.11-160.22. Under the Act's provisions, construction of the facility cannot begin until specified notification and public meeting requirements have been met. Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), asserting the court lacks subject matter jurisdiction to consider plaintiff's claims.[2]

---

[1] *The action was removed on the basis of diversity jurisdiction. The court therefore applies state substantive law.*

[2] *When reviewing a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that constitutes a facial attack on the complaint's allegations, the court accepts the allegations in the complaint as true. Garling v. United States Envtl. Prot. Agency, 849 F.3d 1289, 1292 (10th Cir. 2017); Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). Here, defendant has made a facial attack on the complaint.*

Defendant's principal argument is simple.³ Defendant contends that the Act does not create a private right of action for violations of the public notice/public meeting requirement and that the sole penalty for non-compliance is an administrative penalty imposed by the Corporation Commission. Therefore, in defendant's view, no court has jurisdiction over any claimed violation of the public notice/meeting requirement.

Plaintiff argues to the contrary. It acknowledges that the Act provides for administrative penalties if an owner fails to submit required information to the Corporation Commission, but maintains that violation of the public notice and public meeting requirements triggers something other than an administrative penalty---it triggers a requirement that the owner "shall not commence construction on the facility." 17 Okla. Stat. § 160.21(D). Plaintiff further argues that when the Oklahoma legislature intends to create exclusive jurisdiction in the Corporation Commission, it knows how to do so and does so explicitly, such as in 17 Okla. Stat. 52(A)(1)(a) ("Except as otherwise provided by this section, the Corporation Commission is hereby vested with exclusive jurisdiction, power and authority with reference to: a. the conservation of oil and gas"). Plaintiff maintains the legislature expressed no such intention as to the public notice and hearing

---

³ *Defendant makes two other arguments, but neither is persuasive. It contends that whether the Corporation Commission has exclusive jurisdiction depends on whether the rights being adjudicated were created by statute or derived from the common law and that "[p]laintiff's claim is equivalent to a private citizen suing Oklahoma Natural Gas Company alleging that its rates are excessive, or that ONG improperly charged expenses to its ratepayer base that should have been allocated to the stockholders." Doc. #8, p. 6. The statutory/common law distinction is not determinative and this case has nothing to do with rates or rate refunds. See Wilson v. Harlow, 860 P.2d 793, 797 (Okla. 1993).*

requirements at issue here, and that the Commission does not have exclusive jurisdiction over any claimed violation of those provisions.[4]

The Oklahoma Supreme Court appears not to have addressed the question. Therefore this court, faced with an unsettled issue of state law, must base its decision on how it predicts the Oklahoma Supreme Court would rule if presented with the question.

While the issue is not free from doubt, the court concludes plaintiff's view is more likely to prevail. The resolution of the issue depends on construction of the statutory language. *See generally* Sw. Nat. Gas Co. v. Cherokee Pub. Serv. Co., 1935 OK 50, 172 Okla. 325, 44 P.2d 945, 947 (Okla. 1935) ("But in matters other than prescribing rates, charges, classification, etc., for transportation and transmission companies, it cannot be said that exclusive jurisdiction in matters affecting public utility corporations is in the Corporation Commission."). An examination of the entire Act, in particular § 160.21(D) upon which defendant relies, does not lend support to its position. That subsection provides:

> The owner of a wind energy facility shall not commence construction on the facility until the notification and public meeting requirements of this section have been met. If an owner of a wind energy facility fails to submit the information with the Commission as required in this section, the owner shall be subject to an administrative penalty not to exceed One Thousand Five Hundred Dollars ($1,500.00) per day.

---

[4] *The Corporation Commission has the "duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies . . . . The authority of the Commission . . . to prescribe rates, charges, and classifications of traffic, for transportation and transmission companies, shall, subject to regulation by law, be paramount." Okla. Const. art. IX, § 18.*

3

Section 160.21 (specifically subparts (A), (B) and (C)), requires the owner of a wind energy facility to submit notification of its intent to build and other information to the Corporation Commission. If the owner does not, the Commission can impose an administrative fine. Section 160.21 also requires the owner to not only provide notification of its intent to build to other entities and persons, but to hold a public meeting "in one of the counties in which all or a portion of the wind energy facility is to be located." 17 Okla. Stat. § 160.21(C). If the owner fails to comply with these requirements, the penalty is not a fine, but the inability to commence construction. The legislature easily could have provided that if an owner failed to comply with all the requirements of § 160.21, it would be subject to an administrative penalty. It did not. By imposing separate penalties, one administrative, one non-administrative, for separate acts of noncompliance, the legislature appears to have intended that the Act's enforcement is not limited to the Corporation Commission. *See generally* Okla. Const. art. IX, § 24.

Further support for the conclusion that district courts have jurisdiction over the Act is found in another section of the statute, which provides that "[d]isputes arising under this section shall fall under the exclusive jurisdiction of the district courts." *See* 17 Okla. Stat. § 160.20(B). That statutory language implies that district courts and the Corporation Commission have concurrent jurisdiction over other parts of the Act, but that district courts alone have jurisdiction over § 160.20(B). In other words, the legislature in § 160.20(B) was not vesting the district courts with jurisdiction over setback requirements (which it already possessed), but excluding the Commission from jurisdiction over those types of disputes.

Having considered the language of the Oklahoma Wind Energy Development Act as a whole, the court concludes the Corporation Commission does not have exclusive jurisdiction to enforce the Act's provisions pertaining to a wind energy facility owner's compliance with the notification and public meeting requirements of § 160.21. Because plaintiff is not asking the court to enforce an administrative remedy or encroach upon a matter that is within the Corporation Commission's exclusive authority, the court concludes it has subject matter jurisdiction to proceed.

Accordingly, NextEra's motion to dismiss [Doc. #8] is denied.

**IT IS SO ORDERED**

Dated this 2nd day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE